UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2429

CHARLES TAYLOR,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A72-166-566)

Submitted:  May 25, 2005                    Decided:  June 21, 2005

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Richard J. Wilson, Supervising Attorney, Rachel Sussman, Mark Haufrect, Student Attorneys, International Human Rights Law Clinic, WASHINGTON COLLEGE OF LAW, AMERICAN UNIVERSITY, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, James Hunolt, Steven A. Keller, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Taylor, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture.[*]  To obtain reversal of the Board's determination denying eligibility for asylum relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).  We have reviewed the decision of the Board and the evidence of record and conclude that Taylor fails to show the evidence compels a contrary result.

Nor can Taylor show he was entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000).  "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)."  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).  In addition, we find no due process violation as a result of the Board's affirmance under 8 C.F.R.

---

[*]Taylor raises no claim on appeal regarding the Convention Against Torture.  Therefore, he has abandoned this claim.  See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

§ 1003.1(e)(5) (2005). <u>See</u> <u>Settenda v. Ashcroft</u>, 377 F.3d 89, 98 (1st Cir. 2004) (if due process requirements are met when a single Board member issues an affirmance without opinion, such requirements are also met when the Board member issues a brief explanatory order); <u>cf.</u> <u>Blanco de Belbruno v. Ashcroft</u>, 362 F.3d 272, 281 (4th Cir. 2004) (holding that the streamlined affirmance without opinion procedures under 8 C.F.R. § 1003.1(e)(4) comport with the requirements of due process).

We deny Taylor's motion to reconsider staying removal pending appeal as moot, and the motion to supplement the record. We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>